UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS C. ROBINSON, # 1174464,

        Petitioner,

v.                                                ACTION NO. 2:11cv519

HAROLD W. CLARKE,
        Director of the Virginia
        Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus without prejudice.

### I. STATEMENT OF THE CASE

**A. Background**

Petitioner Thomas C. Robinson ("Robinson" or "Petitioner") was convicted of grand larceny, in violation of Virginia Code § 18.2-95, on April 23, 2001 in the Circuit Court for the City of Hampton. Pursuant to this conviction, he was sentenced to serve four years and six months in jail. The Circuit Court suspended two years of this sentence for a period of ten years, upon condition of good behavior, supervised probation, and completion of a Therapeutic

Community Program. As part of his supervised probation condition, Robinson was required to attend substance abuse counseling and/or testing as prescribed by his probation officer.

On May 24, 2007, the Hampton Circuit Court held a revocation of suspension of sentence hearing, pursuant to Virginia Code § 19.2-306. At this hearing, the Circuit Court added a condition to the suspension of sentence, requiring Robinson to enter and complete the recovery program at the Healing Place, a long-term residential center for homeless men with chemical dependency. Petitioner's final sentence was deferred pending the outcome of successful participation in this program. On October 15, 2007, Petitioner was summarily sentenced by the Hampton Circuit Court to serve the remaining two years and six months, with credit to be awarded to Petitioner for time spent in confinement awaiting trial.

In his petition before this Court, Robinson concedes that he did not appeal the actual judgment of conviction. Robinson's first subsequent action after conviction and sentencing was filing a petition in the Hampton Circuit Court, requesting a writ of habeas corpus issue, asserting ineffective assistance of counsel, denial of right to appeal, and denial of full and fair proceedings. The Hampton Circuit Court dismissed Robinson's petition on August 6, 2008. Robinson did not appeal the dismissal to the Supreme Court of Virginia.

While in custody at the Indian River Correctional Center,[1] Robinson filed a petition for a writ of habeas corpus in this Court on September 16, 2011.[2] ECF No. 1. On February 14, 2012, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 10 and 11. On February 22,

---

[1] Petitioner was transferred from the Indian River Correctional Center to the Northern Neck Regional Jail on March 13, 2012. ECF No. 15.

[2] In the time between filing a petition with the Hampton Circuit Court and filing his habeas petition with this Court, Robinson wrote several letters to the Virginia Department of Corrections in an effort to receive the relief he requests in the instant petition. In a letter dated December 27, 2010, the Virginia Department of Corrections informed him that he was not entitled to credit for the time spent in the Healing Place program. ECF No. 1, Ex. 3, p. 3. As to his request to receive good time credit for his transfer from Class I to Class II, the Virginia Department of Corrections directed Robinson to the jail authorities. Id. at p. 4.

2012, Petitioner filed his Response to the Motion to Dismiss (ECF Nos. 13 and 14),[3] re-asserting his federal habeas claim and further asking that monetary damages be awarded, claiming Respondent "knowingly has continued to violate the Petitioner's constitutional rights" by redirecting Petitioner to the proper avenue for submission of his claims. ECF Nos. 13 and 14, p. 1. Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 because:

(1) the Virginia Department of Corrections has not properly credited him with both his time spent in a residential treatment program and in jail pending trial and

(2) he was "unceremoniously removed, without knowledge, from ESC Level I [to Class level II] . . . . and should be placed back in ESC Class Level-1 retroactively from March 2008" and receive good time credit for this period of removal. ECF No. 1, pp. 7, 15.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for the Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). As Pruett explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors

---

[3] Petitioner's Response was entitled "Motion to Deny Respondents Request and to Order Confinement Credits along with Retroactive ESC Level I." He filed two identical motions (ECF Nos. 13 and 14), both in title and substance, on the same day.

in a person's conviction and sentencing." Id. "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

The face of the petition indicates that the Supreme Court of Virginia has not addressed any habeas corpus petition relating to the issues raised in this instant petition. ECF No. 1, pp. 6, 8. Petitioner has failed to indicate just cause for the Court's further consideration of the petition. Therefore, the Court recommends that the petition be DISMISSED without prejudice so that Robinson may exhaust his state remedies.

### III. RECOMMENDATION

Based on the foregoing, the Court recommends that Robinson's petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice to exhaust state remedies, and Respondent's Motion to Dismiss (ECF No. 11) be GRANTED. The Court further recommends that Robinson's Motion to Deny Respondents Request and Motion to Award Confinement Credits (ECF No. 14) be DENIED as moot and duplicative.

Furthermore, Robinson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 7, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Thomas C. Robinson, # 1174464
Northern Neck Regional Jail
P.O. Box 1090
3908 Richmond Road
Warsaw, VA 22572

Lara Kate Jacobs
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

    Fernando Galindo, Clerk

By _____
    Deputy Clerk

_____, 2012